**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOPHIA DIAZ, an individual,<br><br>                                    Plaintiff,<br><br>        v.<br><br>AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>                                    Defendants. | Case No. 2:26-cv-00459-SPG-MAA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 7]** |

Before the Court is a Motion to Remand (ECF No. 7 ("Motion")), filed by Plaintiff Sophia Diaz ("Plaintiff"). The Court has read and considered the Motion and concluded that the Motion is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

**I.      BACKGROUND**

Plaintiff worked for Defendant Amazon.com Services LLC ("Defendant") from November 2022 through April 2025. *See* (ECF No. 1-2, Ex. A ("Complaint"), ¶¶ 10, 27, 32). On or around January 5, 2025, Plaintiff began to experience pain in her left foot. *See* (*id.* ¶ 12). She sought treatment, and a doctor diagnosed her with a calcaneal bone spur.

-1-

*See* (*id.* ¶ 13).  At her doctor's recommendation, Plaintiff requested medical leave through March 10, 2025.  *See* (*id.* ¶¶ 13–15, 18).

At the advice of her doctor, in March 2025, Plaintiff extended her medical leave through May 10, 2025.  *See* (*id.* ¶ 19).  On or around May 8, 2025, Plaintiff's physician recommended that Plaintiff extend her medical leave through July 11, 2025.  *See* (*id.* ¶ 21).  Plaintiff attempted to submit documents from her doctor to Defendant in connection with her request.  *See* (*id.*).  However, she discovered that she could no longer access the internal Amazon portal she previously used to submit medical documents.  *See* (*id.*).  On or around the same day, Plaintiff texted her boss about extending her medical leave and, in response, her boss texted back, "I thought you were no longer with Amazon?"  *See* (*id.* ¶¶ 21–23).  On May 9, 2025, Defendant terminated Plaintiff's employment.  *See* (*id.* ¶ 27).  In her notice of termination, Defendant provided the following explanation:  "attendance – nupt. (Not Using Paid Time)."  (*Id.*).  Later that month, Plaintiff received a "Supportive Feedback Document," which stated that Defendant had terminated her employment on April 9, 2025, while she was still on medical leave.  *See* (*id.* ¶ 32).

On December 8, 2025, Plaintiff sued Defendant in the California Superior Court for Ventura County.  *See* (Compl.).  The Complaint asserts four causes of action under the California Fair Employment and Housing Act ("FEHA"): (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in the Interactive Process; and (4) Retaliation.  *See* (*id.* ¶¶ 34–156).  Plaintiff seeks to recover damages in the form of lost earnings, deferred compensation, and other employment benefits; damages for the treatment of her physical injuries and emotional distress, including the cost of her past and future medical expenses; punitive damages; and attorneys' fees.  *See* (*id.*); *see also* (*id.* at 28–29 (Prayer for Relief)).  Plaintiff served Defendant on December 17, 2025, *see* (ECF No. 1-3, Exhibit B, at 3), and Defendant removed the case to federal court on January 15, 2026, *see* (ECF No. 1, Notice of Removal ("NOR")).

The Notice of Removal asserts that the Court has diversity jurisdiction to consider this action.  *See* (NOR at 3).  According to the Notice of Removal, Plaintiff is a citizen of

California. *See* (*id.*); *see also* (Compl. ¶ 5 (alleging residency in California)). Defendant is a limited liability company and, according to the Notice of Removal, has a single member: Amazon.com Sales, Inc. *See* (NOR at 3). The Notice of Removal claims that Amazon.com Sales, Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington. *See* (*id.*); *see also* (ECF No. 1-6, Ex. E (Amended Annual Report, filed with the Washington Secretary of State)). Defendant therefore claims that it is a citizen of Delaware and Washington. *See* (NOR at 3). The Notice of Removal further claims that the amount in controversy exceeds $75,000. *See* (*id.*).

Plaintiff filed the instant Motion to Remand on February 12, 2026. *See* (Motion). Defendant filed a brief in opposition on March 4, 2026, *see* (ECF No. 8 ("Opposition")), and Plaintiff filed a brief in reply on March 11, 2026, *see* (ECF No. 10 ("Reply")).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

Once an action is removed, a plaintiff may seek remand by making either a "facial" or "factual" challenge to the defendant's jurisdictional allegations in the notice of removal. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "A facial attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (internal quotation marks and alterations omitted). "A factual attack contests the truth of the allegations themselves." *Id.* (internal quotation marks and ellipses omitted). Where a plaintiff seeks remand of the action by mounting a "factual" challenge to the removing defendant's jurisdictional allegations, the burden is on

the removing defendant to provide "competent proof" showing by a preponderance of the evidence that the jurisdictional requirements are satisfied. *Id.* at 701. When determining jurisdiction based on a factual attack, a court may view evidence beyond the complaint and need not presume the truthfulness of the removing party's allegations. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## III.    DISCUSSION

The Motion challenges whether the case meets the amount in controversy threshold for this Court to exercise diversity jurisdiction. *See* (Motion at 7–8). The "amount in controversy" reflects "an estimate of the total amount in dispute." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). It "encompasses all relief a court may grant" if a plaintiff prevails on the operative complaint at the time of removal. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). As such, "the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). Where a plaintiff contests removal, the removing party bears the burden to "show the amount in controversy by a preponderance of the evidence." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022). To do so, the removing party must present argument or evidence that it is "more likely than not" that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

In the Complaint, Plaintiff does not request a specific damages figure. *See generally* (Compl.). Instead, she generally requests damages "according to proof" for lost earnings, emotional distress, and reasonable medical expenses; punitive damages; and attorneys' fees. *See, e.g.*, (*id.* ¶¶ 94–95). Defendant claims that the case meets the amount in controversy requirement because (a) Plaintiff's request for lost earnings alone could exceed

$75,000; (b) jurors have awarded more than $75,000 in emotional distress damages and punitive damages in comparable cases; and (c) Plaintiff could reasonably recover at least $30,000 in attorneys' fees. *See* (Opp. at 5–9).

### A.    Lost Wages

The parties dispute, as a general matter, whether the Court may properly consider Plaintiff's loss of future earnings in calculating the amount in controversy. *See* (Motion at 8; Opp. at 5–6; Reply at 4). The Ninth Circuit has already resolved this dispute. "If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Chavez*, 888 F.3d at 417. Under the FEHA, plaintiffs can recover damages for the loss of future earnings. *See, e.g.*, *Wysinger v. Auto. Club of S. California*, 157 Cal. App. 4th 413, 427 (2007). Plaintiff's future wages are "at stake," as the Complaint alleges she "continues to suffer substantial losses of wages, salary, benefits and additional amounts of money that [she] would have received if Defendant had not discriminated against her." (Compl. ¶ 61); *see also* (*id.* ¶ 94 ("Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings . . . .")). Nevertheless, Defendant has not shown damages for Plaintiff's loss of future earnings could meet or exceed the amount in controversy threshold.

In the Opposition, Defendant claims that Plaintiff could recover more than $77,000 in lost wages at trial. *See* (Opp. at 5). Defendant calculated Plaintiff's potential recovery by multiplying Plaintiff's hourly rate against what Plaintiff would earn "[a]t a full-time, 40-hours per week schedule," then multiplying that figure by the period of time between Plaintiff's termination in April 2025 and an estimated trial date in February 2027. *See* (Opp. at 5). In support, Defendant has submitted a declaration to establish that Plaintiff was paid an hourly rate of $20.80. *See* (ECF No. 8-1, Declaration of Delmena Westbrook, ¶ 3); *see also* (ECF No. 8-2, Ex. A (April 2025 pay statement)).

However, Defendant has not submitted evidence or referred the Court to factual allegations to establish that Plaintiff worked as a full-time employee. *See Macedo v. Dolgen California, LLC*, No. 1:23-CV-00840-KES-CDB, 2025 WL 2203021, at *7 (E.D. Cal. Aug. 4, 2025) (rejecting calculation of lost wages in FEHA case where the defendant did "not provide any evidence to support its allegation . . . that [the plaintiff] was a full-time employee working 40 hours per week"). In the Declaration of Delmena Westbrook, a "Human Resource Business Partner" for Defendant, Ms. Westbrook attests to Plaintiff's hourly rate and states that, "[a]t a full-time work schedule of 40 hours per week, [Plaintiff's] weekly pay would be $832." (Westbrook Decl. ¶ 3). However, Ms. Westbrook does not attest that, before her medical leave of absence, Plaintiff worked as a full-time employee. *See generally* (*id.*). Similarly, Defendant has submitted Plaintiff's final pay statement to show her hourly rate of pay, but the statement does not show that Plaintiff ever worked as a full-time employee. *See* (ECF No. 8-2, Ex. A). Instead, the "hours" column in Plaintiff's pay statement is blank, and the pay statement shows that Plaintiff was paid a total of $1,459.28 between January 2025 and mid-April 2025. *See* (*id.*).

It is Defendant's burden to show by a preponderance of the evidence that this case meets the amount in controversy threshold for the Court to exercise diversity jurisdiction. *See Jauregui*, 28 F.4th at 994. All doubts as to Defendant's right of removal weigh in favor of remand. *See Gaus*, 980 F.2d at 566. Thus, in the absence of evidence, the Court will not simply assume Plaintiff worked as a full-time employee. Defendant has not submitted sufficient evidence for the Court to calculate Plaintiff's potential recovery for lost wages.

### B.   Emotional Distress and Punitive Damages

Defendant also argues Plaintiff could recover more than $75,000 in emotional distress and punitive damages. *See* (Opp. at 6–8). Plaintiffs can recover both categories of damages in FEHA cases. *See Peralta Cmty. Coll. Dist. v. Fair Emp. & Hous. Com.*, 52 Cal. 3d 40, 48 (1990) (emotional distress damages); *Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 220–21 (1982) (punitive damages). "When, as here, the complaint does not assert the amount of emotional distress damages and punitive damages,

a defendant may introduce evidence of jury verdicts from cases with analogous facts to establish the probable damages." *Macedo*, 2025 WL 2203021, at *5 (internal quotation marks omitted); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

However, the removing party cannot meet their burden by "merely pointing to cases where juries have awarded hefty damages sums in the past without further explanation (by facts or evidence)." *Rybalnik v. Willaims Lea Inc.*, No. 2:12-CV-04070-ODW, 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012). At a minimum, the removing party must show that the cited cases are factually similar to the instant litigation. *See Aguilar v. Wells Fargo Bank, N.A.*, No. EDCV1501833ABSPX, 2015 WL 6755199, at *5–6 (C.D. Cal. Nov. 4, 2015); *see also Purtseladze v. Stanley Black & Decker, Inc.*, No. 2:24-CV-10638-FLA (AGRX), 2025 WL 1693161, at *2 (C.D. Cal. June 17, 2025); *Elias v. Integon Preferred Ins. Co.*, No. 2:24-CV-01981-WLH-RAOX, 2024 WL 2732228, at *3 (C.D. Cal. May 28, 2024); *Daley v. Walmart Stores, Inc.*, No. SACV180518DOCGJSX, 2018 WL 3104630, at *6 (C.D. Cal. June 21, 2018).

Defendant argues that Plaintiff's request for emotional distress and punitive damages more likely than not meets the amount in controversy threshold based on two California state court decisions: (1) *Astudillo v. Prats Inc.*, No. BC715284 (Cal. Super. Mar. 16, 2023); and (2) *Navarro v. 4Earth Farms Inc.*, JVR No. 1709110031 (Cal. Super. May 24, 2017). However, Defendant has not presented argument as to why these are "analogous cases." *See* (Opp. at 7–8); *see also Angello v. Target Corp.*, No. 5:23-CV-01097-FLA (DTBX), 2024 WL 3821493, at *3 (C.D. Cal. Aug. 12, 2024) (granting motion to remand where defendant "identifie[d] two cases in which juries awarded emotional distress damages" but did not "explain how the facts in those cases are similar to those pleaded in the complaint"). Instead, Defendant submitted verdict summaries of each case,[1] without

_____

[1] Defendant has requested that the Court take judicial notice of the verdict summaries. *See* (ECF No. 9 ("Request for Judicial Notice")). In at least one other case, a court refused to take judicial notice of verdict summaries prepared by WestLaw. *See Rodriguez v. Costco Wholesale Corp.*, No. 22-CV-09130-HSG, 2023 WL 5444677, at *3 (N.D. Cal. Aug. 23, 2023) ("[T]hese documents are not public court records, but appear to be editorial

attempting to draw a comparison to the facts of the instant litigation. *See* (ECF Nos. 9-1, 9-2); *see also Mendoza-Topete v. Smarte Carte, Inc.*, No. CV1604571SJOKSX, 2016 WL 4974941, at *3 (C.D. Cal. Sept. 15, 2016) (granting motion to remand where defendant submitted verdict summaries without argument to analogize the verdicts in the cited cases).

Furthermore, from the limited facts outlined in the verdict summaries, the *Astudillo* and *Navarro* cases do not provide reliable points of comparison for Plaintiff's potential emotional distress damages and punitive damages. The *Astudillo* summary only contains minimal facts. *See* (ECF No. 9-1). The facts summarized therein contain certain superficial similarities to the facts alleged in the Complaint (both that case and this case involve an employee allegedly terminated after missing work due to a medical condition) but also relevant differences (the employee in that case missed work after he was hospitalized, and the defendant allegedly terminated his employment without paying all of his outstanding wages). *See* (*id.*). More critically, following the verdict, the court in that case ordered a new trial. *See Astudillo v. Prats Inc*, No. BC715284, 2024 WL 5372953, at *1 (Cal. Super. Dec. 09, 2024). The *Navarro* case is factually dissimilar from this case, as the plaintiff there alleged that her managers sexually harassed her and touched her without her consent. *See* (ECF No. 9-2).

As such, Defendant has not provided examples of jury awards of emotional distress damages or punitive damages that are factually similar to the present case, and the Court therefore does not include any emotional distress damages or punitive damages in calculating the amount in controversy.

---

summaries of the author's impression of such records."). Other decisions have taken judicial notice of verdict summaries in calculating the amount in controversy for diversity jurisdiction. *See, e.g., Perez v. Hermetic Seal Corp.*, No. CV1605211BROFFMX, 2016 WL 5477990, at *3 (C.D. Cal. Sept. 27, 2016). As discussed above, even if the verdict summaries are subject to judicial notice, these summaries are insufficient to establish the amount in controversy. Therefore, the Court declines to decide whether the verdict summaries are properly subject to judicial notice.

## C.    Attorneys' Fees

Finally, Defendant claims that Plaintiff could recover up to $30,000 in attorneys' fees. *See* (Opp. at 8–9). "[I]f the law entitles [a] plaintiff to future attorneys' fees if the action succeeds, then there is no question that future attorneys' fees are 'at stake' in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (internal quotation marks, alterations, and citations omitted). Plaintiffs can recover "reasonable attorney's fees and costs" under the FEHA. Cal. Gov't Code § 12965(c)(6). However, assuming that Defendant has shown by a preponderance of the evidence that $30,000 is a reasonable estimate of attorneys' fees, Defendant has not met its burden to establish that Plaintiff's damages amount to more than $45,000. Therefore, Defendant has not provided sufficient argument or evidence to overcome the "strong presumption" against removal jurisdiction. *See Gaus*, 980 F.2d at 566.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion and REMANDS the case to the California Superior Court for Ventura County.

**IT IS SO ORDERED.**

DATED:    July 7, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

-9-